UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-167-TAV-HBG |
| | ) | |
| WAYNE G. CHASE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the defendant's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 18]. On March 10, 2008, the defendant was convicted of possession with intent to distribute five grams or more of crack cocaine and possession of a firearm in furtherance of a drug trafficking crime. On July 1, 2008, he was sentenced to sixty months' imprisonment for each conviction, to run consecutively, for a total sentence of 120 months' imprisonment.

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory

penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. Given that motion, the government moved this Court to hold the defendant's motion in abeyance pending resolution of that petition. For reasons explained in a prior order [Doc. 21], the Court held the defendant's motion in abeyance.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Accordingly, because *Blewett* no longer supports the defendant's motion for a sentence reduction, the defendant's motion [Doc. 18] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE